**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

**MIGUEL IRIGOYEN-GARCIA,** an individual,                    HON.
and **MARIA LUISA AGUILAR,** and individual,              Case No. 20-CV-929
              Plaintiffs,
v.

**OAKVIEW DAIRY, LLC,** a limited liability company,
and **WILLIAM PLATTE,** an individual,
              Defendants.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

1. This is an action brought by Plaintiffs under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") as amended, 42 USC § 2000e *et seq.,* the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA") 29 U.S.C. § 621 *et seq.*, and the Elliott-Larsen Civil Rights Act (hereinafter "ELCRA"), M.C.L. § 37.2101 *et seq.* to correct the unlawful employment practices on the basis of age and national origin and to provide appropriate relief to Plaintiffs for having been adversely affected by such parties. Plaintiffs allege that Oakview Dairy, LLC ("Oakview") and William Platte ("Platte") (collectively "Defendants") unlawfully discriminated against them and subjected them to disparate treatment with respect to the terms, conditions, and privileges of their employment because of their age and national origin.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. This Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1367.

5. Supplemental jurisdiction is appropriate because Plaintiffs' state law claim shares a common nucleus of operative fact with Plaintiffs' federal claim and are most efficiently resolved together in one court.

6. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

8. Plaintiff Miguel Irigoyen-Garcia ("Irigoyen") has fulfilled all the conditions precedent to the institution of this action under 29 U.S.C. § 626(d) and 29 U.S.C. § 633(b).

9. On or about June 18, 2018, Plaintiff Miguel Irigoyen-Garcia filed a timely charge of discrimination, MDCR # 488949 and EEOC # 23A-2018-10513C (hereinafter the "Charges"), with the Michigan Department of Civil Rights (hereinafter "MDCR") and the Equal Employment Opportunity Commission (hereinafter "EEOC"). The Charges alleged that he had been discriminated against on the basis of his age, in violation of the ADEA and ELCRA, and national origin, in violation of Title VII and ELCRA.

10. On June 29, 2019, the MDCR concluded its investigation.

11. On August 2, 2019, the EEOC issued a Dismissal and Notice of Rights letter to Plaintiff Irigoyen adopting the findings of the MDCR.

12. Plaintiff Irigoyen received the Dismissal and Notice of Rights letter on August 12, 2019.

13. Plaintiff Maria Luisa Aguilar ("Garcia") has fulfilled all the conditions precedent to the institution of this action under 29 U.S.C. § 626(d) and 29 U.S.C. § 633(b).

14. On or about June 18, 2018, Plaintiff Aguilar filed a timely charge of discrimination, MDCR # 488948 and EEOC # 23A-2018-10512C (hereinafter the "Charges"), with the Michigan Department of Civil Rights (hereinafter "MDCR") and the Equal Employment Opportunity Commission (hereinafter "EEOC"). The Charges alleged that she had been discriminated against on the basis of her age, in violation of the ADEA and ELCRA, and national origin, in violation of Title VII and ELCRA.

15. On June 29, 2019, the MDCR concluded its investigation.

16. On August 2, 2019, the EEOC issued a Dismissal and Notice of Rights letter to Plaintiff Aguilar adopting the findings of the MDCR.

17. Plaintiff Aguilar received the Dismissal and Notice of Rights letter on August 12, 2019.

## **PARTIES**

18. Plaintiff Garcia is an adult individual who resides in the county of Jackson, state of Michigan.

19. Plaintiff Aguilar is an adult individual who resides in the county of Jackson, state of Michigan.

20. Plaintiff Garcia is a citizen of the Country of Mexico.

21. Plaintiff Aguilar is a citizen of the Country of Mexico.

22. Defendant Oakview Dairy, LLC (hereinafter referred to as "Oakview") is a domestic limited liability company in the state of Michigan.

23. Defendant Oakview is a dairy farm with its principal place of business located in the county of Clinton, state of Michigan.

24. Defendant William Platte (hereinafter referred to as "Platte") is the owner and resident agent of Defendant Oakview.

25. Upon information and belief Defendant Platte is a resident of the county of Clinton, state of Michigan.

## GENERAL ALLEGATIONS

26. Plaintiff Garcia was hired by Defendants on or around March 2012.

27. Plaintiff Aguilar was hired by Defendant on or around March 2012.

28. Plaintiffs were terminated by Defendants on January 29, 2018.

29. Plaintiff Garcia is a 53 year old male of mexican descent.

30. Plaintiff Aguilar is a 55 year old female of mexican descent.

31. Plaintiffs were terminated because of their age.

32. Plaintiffs were over the age of forty (40) when they were fired from their employment, thus they are protected by Section 631(a) of the ADEA, 29 U.S.C. §631(a).

33. During their employment, and when Plaintiffs were fired on January 29, 2018, Defendants engaged in unlawful employment practices in violation of Section 623(a) of the ADEA, 29 U.S.C. §623(a), by subjecting Plaintiffs to disparate treatment in the terms, conditions and privileges of their employment based on their age.

34. During their employment Plaintiffs received pay raises.

35. During their employment, and upon termination, Plaintiffs were performing their duties at a satisfactory level or above.

36. During their employment, and upon termination, Plaintiffs were not informed that their work was unsatisfactory or needed improvement.

37. During the relevant time, Plaintiffs were the oldest employees working for Defendants.

38. On or around January 29, 2018, Plaintiffs were asked to speak with Paul Platte, Defendant Platte's son.

39. Plaintiffs were told by Paul Platte that they were no longer needed at the farm.

40. Plaintiffs were told they were of old age and that Defendant needed younger people who could work faster.

41. Defendant Oakview was in the process of obtaining more cows for the farm and therefore needed employees who could work "quicker". Paul stated to Plaintiffs that they were not going to be able to do that.

42. Plaintiffs had done their job with no issues in the past prior to their termination.

43. Plaintiffs were asked to finish their workweek, if not they would not be compensated for the week at all.

44. Plaintiffs questioned why they were being terminated for no reason, however Paul gave no further explanation.

45. Plaintiff lost their housing upon termination, as it was provided by Defendants.

46. At all times relevant to this complaint, Paul Platte was Defendant Oakview's agent, representative, and/or employee.

### COUNT I
### AGE DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e, *ET SEQ.*

47. Plaintiffs incorporate by reference all previous paragraphs as if fully stated herein.

48. At all material times, Defendants were employers, covered by and within the meaning of Title VII of the Civil Rights Act of 1964.

49. Defendants subjected Plaintiffs to disparate treatment in the terms, conditions and privileges of their employment.

50. Plaintiffs' age was a factor that made a difference in Defendants' decision to subject them to disparate treatment with respect to the terms, conditions, and privileges of his employment because of their age.

51. Plaintiffs' age was a factor that made a difference in Defendants' decision to wrongfully terminate them. Defendant Oakview, by and through its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted according to that disposition.

52. Had Plaintiffs been younger persons, they would not have been subject to disparate treatment with respect to the terms, conditions, and privileges of their employment

53. Had Plaintiffs been younger persons, they would not have been terminated as described.

54. During Plaintiffs' employment, Defendants engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2, by subjecting Plaintiffs to disparate treatment in the terms, conditions and privileges of their employment based on their age.

55. Upon termination, Defendants engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2, by wrongfully terminating Plaintiffs based on their age.

56. The effect of the practices complained of in the paragraphs above has been to deprive the Plaintiffs of equal employment opportunities and otherwise adversely affected their status as employees, because of their age.

57. The unlawful employment practices complained of were intentional.

58. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

59. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiffs have sustained a loss of earnings, earning capacity, benefits, have suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT II
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 621, et seq.

60. Plaintiffs hereby incorporate and reallege all of the paragraphs above.

61. At all relevant times, Plaintiffs were employees, and Defendants were their employers, covered by and within the meaning of the ADEA, 29 U.S.C. § 621 *et seq*.

62. Plaintiffs' age was at least one factor that made a difference in Defendants' decision to terminate Plaintiffs from their position.

63. Had Plaintiffs been younger persons, they would not have been terminated.

64. Defendant Oakview, through its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

65. Defendant Oakview, through its agents, representatives, and employees, treated Plaintiffs differently from similarly situated younger employees in the terms and conditions of employment, based on unlawful consideration of age.

66. Defendants terminated Plaintiffs because of their age in violation of the ADEA.

67. The effects of Defendants discriminatory practices have been to deprive Plaintiffs of equal employment opportunities and otherwise adversely affect their status as an employee because of her age.

68. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice

**COUNT III**
**VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT OF 1976,**
**M.C.L. 37.2101, et seq.**

69. Plaintiffs hereby incorporate and reallege all of the paragraphs above.

70. At all material times, Defendants were employers covered by and within the meaning of the Elliott-Larsen Civil Rights Act of 1976, M.C.L. 37.2201, et seq.,  and Plaintiffs were their employees.

71. Plaintiffs' age was at least one factor in Defendants' decision to subject them to the discriminatory treatment described above.

72. Plaintiffs' age was at least one factor that made a difference in Defendants' decision to terminate Plaintiffs from their position.

73. Had Plaintiffs been younger persons, they would not have been terminated.

74. Defendant Oakview through its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

75. Defendant Oakview, through its agents, representatives, and employees, treated Plaintiffs differently from similarly situated younger employees in the terms and conditions of employment, based on unlawful consideration of age.

76. The effect of the practices complained of above has been to discriminate against Plaintiffs with respect to their terms, conditions and privileges of employment based on their age in violation of ELCRA.

77. Defendants have engaged in unlawful employment practices in violation of ELCRA by terminating Plaintiffs because of their age.

78. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter Judgment in their favor against Defendants for the following relief:

A.  Lost wages and benefits, past and future, in whatever amount Plaintiffs are found to be entitled;

B.  Liquidated damages equal to the amount of Plaintiffs' lost wages and benefits, past and future, in whatever amount Plaintiffs are found to be entitled;

C.  Other compensatory damages in whatever amount Plaintiffs are found to be entitled to;

D.  Punitive and exemplary damages commensurate with the wrong;

E.  An award of interest, costs, and reasonable, actual attorney fees; and

F.  Whatever other statutory, legal or equitable relief appears appropriate at the time of trial.

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiffs, by and through their attorney, and hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 24, 2020                     Respectfully Submitted,


                                              */s/   Robert Anthony Alvarez*                     .
                                              Robert Anthony Alvarez (P66954)
                                              Attorney for Plaintiff
                                              Avanti Law Group. PLLC
                                              600 28th Street SW
                                              Wyoming, MI 49509
                                              (616) 257-6807
                                              ralvarez@avantilaw.com

**<u>VERIFICATION</u>**

I declare under penalty of perjury that the statements outlined above in this Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: _10-30-2019_        _____

                                                    Maria Luisa Aguilar

Date: _10-30-2019_        _____

                                                    Miguel Garcia Irigoyen